**RECEIVED**
**OCT 08 2021**
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Borges Koetz, Kathleen M.,**

       **Plaintiff,**

vs.

**The Honorable Alejandro N. Mayorkas,**
**Secretary,**
**U.S. Department of Homeland Security,**

       **Defendant.**

Case No. _21-cv-2224 ECT/DTS_

**Demand For Jury Trial:**
Yes __X__ No____

---

## EMPLOYMENT DISCRIMINATION COMPLAINT

### PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   | | |
   |---|---|
   | Name | Kathleen M. Borges Koetz |
   | Street Address | 3454 Barons Way |
   | County, City | Washington County, Stillwater |
   | State & Zip Code | Minnesota 55082 |
   | Telephone Number | (651) 323-4419 |

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

| | | |
|---|---|---|
| Name | | Hon. Alejandro N. Mayorkas, Secretary of Department of Homeland Security |
| Street Address | | 2707 Martin Luther King Jr. Ave SE |
| County, City | | Washington DC |
| State & Zip Code | | Washington DC 20528 |

## **JURISDICTION**

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

3. This employment discrimination lawsuit is based on (check only those that apply):

    a. **X** Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC).*

    b. ___ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et. seq.*, for employment discrimination on the basis of age (age 40 or older). **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission (EEOC).*

    c. ___ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*, for employment discrimination on the basis of disability. **NOTE:** *In order to bring suit in federal court under the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).*

    d. ___ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance. **NOTE:** *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office (EEO) representative or agency.*

    e. **X** Other (Please describe.). Reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended.

4. If you are claiming that the discriminatory conduct occurred at a location other than the

defendant's address above, please provide the following information on where the conduct occurred:

<u>4300 Glumack Drive, G-2210, St. Paul, Hennepin County, MN 55111 and 5600 American Blvd W, Suite 760, Bloomington, Hennepin County, MN 55437.</u>

5. When did the discrimination occur? Please give the date or time period:

   <u>December 2017 through April 20, 2018.</u>

## ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

   a. **X** Yes     Date filed: <u>11/09/2018</u>

7. Have you received a Notice of Right-to-Sue Letter?

   a. **X** Yes    If yes, please attach a copy of the letter to this complaint.

   I was provided with a final decision from the EEOC's Office of Federal Operations dated July 12, 2021, notifying me of my right to file a civil action in an appropriate United States District Court within ninety (90) calendar days.

## NATURE OF THE CASE

8. The conduct complained of in this law suit involves (check only those that apply):

   a. ___ Failure to hire me

   b. ___ Termination of my employment

   c. ___ Failure to promote me

   d. ___ Failure to accommodate my disability

   e. **X** Terms and conditions of employment differ from those of similar employees

   f. **X** Retaliation

   g. **X** Harassment

3

    h. **_X_** Other conduct (please specify): Disciplinary action

    i. Did you complain about this same conduct in the charge of discrimination, referred to in number 6 above?

        **_X_** Yes  ___ No

9. I believe that I was discriminated against because of my (check all that apply):

    a. ___ Race

    b. ___ Religion

    c. ___ National origin

    d. ___ Color

    e. **_X_** Gender (FEMALE)

    f. ___ Disability

    g. ___ Age (my birth year is:_____)

    h. **_X_** Other (please specify): ___Retaliation for protected EEO activity.

    i. Did you state the same reason(s) in the charge of discrimination, referred to in number 6 above?

        **_X_** Yes  ___ No

## **FACTS**

10. I am filing this complaint because the Defendant subjected me to harassment and discrimination on the basis of my gender (female) and in reprisal for prior protected EEO activity beginning in December 2017 and continuing, for purposes of this complaint[1], through April 2018

---

[1] I have a second EEO complaint (EEOC No. 440-2021-00155X pending before an EEOC

4

by: (a) notifying me that it was not in the agency's best interest to single a male co-worker out for poor judgment while also disciplining me for alleged "poor judgment"; (b) repeatedly violating the collective bargaining agreement to favor male employees, thereby knowingly creating strife and conflict between the Union and I and putting me in a position to have to justify and resolve the Agency's violations of the collective bargaining agreement; (c) subjecting me to threats and hostile behavior; (d) reducing overtime resources knowing that it would disproportionately impact the areas of operations under my responsibility; (e) deploying a team to my port to review operations focused on my area of responsibility; and (f) issuing me a letter of reprimand for actions that do not violate agency policies, rules or regulations and which male employees are not disciplined for.

11. I was hired as an Immigration Inspector, and was sworn in at the International Falls, MN port of entry on August 3, 1992.

12. I was promoted to positions of increasing responsibility throughout my career with U.S. Customs and Border Protection and predecessor agency, the U.S. Immigration and Naturalization Service.

13. From May 2005 through present, I have been employed with the U.S. Department of Homeland Security, Customs and Border Protection (CBP or Agency), as an Assistant Port Director, GS-1895-14.

14. I previously filed an EEO claim for equal pay, discrimination, and retaliation in 2012.

---

Administrative Judge regarding harassment, discrimination and retaliation that occurred subsequent to April 2018.

15. My prior EEO complaint was known to the responsible management officials who I allege subjected me to harassment, discrimination and retaliation, including but not limited to Robert E. White.

16. Between September 17, 2017 and January 15, 2018, I was temporarily promoted to the Acting Area Port Director position for the Area Port of Minneapolis; and from January 16 through February 3, I continued in the role without the paid promotion despite having exceeded the 120-day cap. I did not receive recognition from the Director of Field Operations, Chicago Robert E. White for my Acting Area Port Director roles. However, my white male counterparts, Gerald Durand (FY17) and Eugene Matho (FY18), both received recognition directly from Mr. White for their work when serving in the Acting Area Port Director roles for the Area Port of Minneapolis. Mr. Matho's recognition was also not in compliance with agency policy as he was serving as a mentee to Mr. White.

17. In December 2017, Watch Commander Gerald Durand and Integrity Officer Kerry Carter knowingly put me in a position to have to explain their violations of the Union and CBP's collective bargaining agreement and to resolve the issue with the Union after they colluded to grant a CBP Officer a special detail to work the Super Bowl, which was not in compliance with the collective bargaining agreement. I contend this was harassment, discrimination and retaliation.

18. In December 2017, Director of Field Operations (DFO) Robert E. White told me that he did not want to address a mistake that a male coworker of mine made but he refused to take that same approach toward me when he believed that I made a mistake. I contend this was harassment, discrimination and retaliation.

19. On December 20, 2017, I received an email from Director Field Operations (DFO), Chicago, Robert E. White, stating that "It is not the best interest of anyone at MSP. To highlight or publicly shame an employee or manager for displaying poor judgement." This statement was referencing my white male counterpart Watch Commander (WC) Gerald Durand, who had given a "special deal" to a bargaining unit employee CBP Officer Gregory Busta to help during Super Bowl 52. I contend this was harassment, discrimination and retaliation.

20. Conversely, on January 26, 2018, DFO White treated me and SCBPO Bautch, another female, differently for purported "poor judgement" than my white male peer WC Durand.

21. On January 26, 2018, Supervisory Program Manager Robert Harris undermined my leadership and knowingly put me in a position where I would have to explain his disparate treatment and violation of the Union and CBP collective bargaining agreement when he failed to require a male CBP Officer to change his shift for operational reasons, as was required under the collective bargaining agreement. I contend this was harassment, discrimination and retaliation.

22. On January 26, 2018, I was officially disciplined when DFO White issued a 3-year letter of reprimand to me via email alleging "poor judgment" for an operational incident that had happened on October 26, 2017. Male employees who had previously engaged in the same behavior as me were not reprimanded.

23. On January 30, 2018, DFO White became angry with me while discussing my letter of reprimand and stated that I should just take responsibility and that I was "lucky" it was not a criminal matter. Male employees who had previously engaged in the same behavior as me were not reprimanded, harassed or threatened by DFO White. I contend this was harassment, discrimination and retaliation.

24. In March 2018, management reduced overtime resources at the port, knowing that it would adversely and disproportionately affect the operations of the areas under my control. As a result of this action, the areas under my control and responsibility were significantly and adversely affected and it created strife between me and the Union. I contend this was harassment, discrimination and retaliation.

25. On or around April 20, 2018, I was notified via email that management would be deploying a team to the Minneapolis Port of Entry (in May 2018) to review operations in my areas of responsibility and thereafter I was subjected to review of my areas of responsibility that others were not. I contend this was harassment, discrimination and retaliation.

26. Prior to my EEO complaint, DFO White did not use the charge of "poor judgment" as a basis for disciplinary action against employees. Only after I filed a complaint did CBP begin to use that, in an attempt to hide its disparate treatment toward me.

27. I did not violate CBP policy and any direction I provided on October 26, 2017 was within CBP policy, within the scope of my position description and my official duties, in my official capacity and was in the scope of CBP official business.

28. The white male officers, CBPO Mark Severson and CBPO Matt Sower, who would have been the people "misusing CBP systems" did not receive any official discipline. The Agency has refused to provide the sworn statements related to their roles in the October 26, 2017 incident with either the EEO Investigator or with me in response to a Freedom of Information Act Request.

29. On December 7, 2017, I was interviewed by Kerry Carter, a GS-13 employee within the CBP's Integrity Officer for the Chicago Field Office, related to an incident on October

26, 2017; even though agency factfinders are required to be the same grade or higher than the person they are interviewing to determine wrongdoing.

30. I have held my current position Assistant Area Port Director since May 2005. As an agency manager, I am aware of numerous instances of policy disagreements within agency management, and with external parties.

31. I also have first-hand knowledge of the types of incidents that have been closed and not disciplined and closed and disciplined going back more than 10 years. I provided a handful of examples in my statements to the EEO Investigator.

32. I have firsthand knowledge that the agency has not disciplined my peer managers within the Chicago Field Office for decisions that stem from policy disagreements, or subordinates misuse of CBP computer systems, or controversial decisions made by management in response to live operations.

33. I have been irreparably harmed by DFO White actions as his discriminatory disciplinary action is now a permanent part of my record because it must be disclosed on background investigations even after it is removed from my official personnel file and would be accessible to other agencies, rendering me non-competitive, as a law enforcement manager with the false allegation of "poor judgement".

34. In addition to harming my career prospects, the harassment that I endured beginning in December 2017 through April 2018, interfered with my ability to do my job and caused me significant mental and emotional harm, including stress, anxiety, sleeplessness, harm to relationships both professionally and personally, fear, and loss of enjoyment of life.

## REQUEST FOR RELIEF

I am seeking the following relief and request to be made whole:

1. Removal of Letter of Reprimand from all CBP, DHS, and Federal Government systems of record and to be provided the standard "all clear" letter referencing that I did not engage in wrongdoing in connection with the incident on October 26, 2017.

2. Reimbursement of all Attorney's fees and costs associated with this case during the administrative process.

3. Restoration of all leave used as a result of the alleged harassment and discrimination.

4. Transfer to position working for CBP Headquarters remotely in GS-15-1895 Policy Advisor position working for the Privacy & Diversity Office.

5. Compensatory damages in an amount to be proven not to exceed $300,000.00.

6. All other relief that the Court deems just.

Date: 10/08/2021

*Kathleen Marie Borges Kott*
Signature of Plaintiff

Mailing Address    3454 Barons Way
                   Stillwater, MN. 55082

Telephone Number   (651) 323-4419